UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY OAKLEY MAYO | CIVIL ACTION |
| VERSUS | NO: 18-00425 |
| COMMUNICATIONS DISTRICT E-911 ST. LANDRY PARISH | SECTION: "L" (4) |

## ORDER

Before the Court is a **Motion to Deem Facts Conclusively Established (R. Doc. 20)**, defendant, St. Landry Parish Communications District E-911 ("the District") moves to have certain facts deemed conclusively established.

I. **Background**

Mayo, a former tele-communicator and supervisor of the St. Landry 911 filed this suit contending that she was unlawfully discriminated against in her employment because her disability, breast cancer. She filed an EEOC charge was given a write to sue by the EEOC on March 9, 2018. She advised her employer that she would be undergoing chemotherapy through May 2017 and during that time she was advised that by February 2017 her leave would run out.

In March she was advised that she had no more sick leave was later fired because she was unable to work due to her employer's refusal to grant her leave under the ADA. May also asserts an alternative claim that she was discriminated against because she had a record of a disability.

The District now seeks to have certain facts established. Namely whether it knew that Mayo would complete her chemotherapy treatment in May 2017 and that she would then return to work. The District forward two requests for Admissions to Mayo. ( Rec. doc. 201-1) The first request was dated 03/14/2017 on the lower right corner of the "Continuing Disability Claim Form requested that she admit that it was not the handwriting of Candace Pitre Elkins. (Id.) Mayo failed

to respond within the thirty-day period and now the District seeks to have the fact established that it was not Elkin's signature.

Second, the District sent a second request for admission seeking to get Mayo to admit that the same document contained her handwriting. (Id.) Again, Mayo did not respond to either request which were sent at the same time. Now, the District seeks an order that these facts are conclusively established.

## II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 36 provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." After being served with a Request for Admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).

Furthermore, in responding to a Request for Admission,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

If a producing party believes the responding party's answer or objection is insufficient, they may move to determine the sufficiency. Fed. R. Civ. P. 36(a)(6). If the Court finds that an

answer does not comport with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." *Id*.

The purpose of Rule 36 is to "promote trial efficiency by allowing the party obtaining the admissions to narrow the issues and focus discovery on the issues effectively identified by the admissions." *Spikes v. Bolivar Cnty., Mississippi*, No. 2:07-CV-22-MPM-SAA, 2008 WL 2797014, at *3 (N.D. Miss. July 8, 2008). Rule 36 narrows the issues by "identifying and eliminating those matters on which the parties agree." *Am. Auto. Ass' n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

### III. Analysis

At the outset, the Court notes that Rule 36 is a self-executing rule and no court intervention is necessary for the fact to established as an admission. See *Barnett v. Maurice Sporting Goods, Inc.* 2006 WL 8440638, at *3 (E.D. Tex. Mar. 10, 2006) While there is no requirement for the Court to make a pronouncement, there is no suggestion or opposition by the plaintiff such that the facts are established as by operation of law.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Deem Responses to Requests for Admission Admitted (R. Doc. 20)** is **GRANTED.**

New Orleans, Louisiana, this <u>10th</u> day of May 2019.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**